UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADEL HAMLILY,<br>    Petitioner,<br>        v.<br>BARACK OBAMA, et al.,<br>    Respondents. | Civil Action No.  05-0763 (JDB) |
| WALEED SAEED BN SAEED ZAID, et al.,<br>    Petitioners,<br>        v.<br>BARACK OBAMA, et al.,<br>    Respondents. | Civil Action No.  05-1646 (JDB) |
| ABDUL HAMID ABDUL SALAM<br>AL-GHIZZAWI,<br>    Petitioner,<br>        v.<br>BARACK OBAMA, et al.,<br>    Respondents. | Civil Action No.  05-2378 (JDB) |

**ORDER**

The Court's January 22, 2009 Order requested that respondents "review the Government's current position regarding the appropriate definition of 'enemy combatant' to be used in these and other habeas cases involving Guantanamo Bay detainees [and] . . . submit any refinement of their position on the appropriate definition of 'enemy combatant' by not later than February 9, 2009." That order was prompted by the change in the Executive Branch Administration on January 20, 2009.  In their February 9, 2009 filing, respondents have declined to address the substance of the Court's request, but instead urge "the Court to reserve any ruling on the scope of the

Government's detention authority [i.e., on the definition of 'enemy combatant'] until the Court reaches the merits of particular cases."

Under the Case Management Order ("CMO") that governs these cases, *see Hamlily v. Obama*, Civ.A.No. 05-0763 (dkt. ent. #116), the date by which the parties and the Court will need to begin wrestling with the merits of these cases is fast approaching.  And as in most civil and criminal proceedings, well before the hearing (i.e., trial) on the merits the parties and the Court must have a clear, uniform understanding of the key legal standard to be applied -- e.g., the criminal charge, or the tort asserted, or the controlling constitutional claim.  So, too, here, with respect to the core controlling legal standard of "enemy combatant" to be applied to the specific facts in each individual detainee's case.

Nevertheless, given respondents' representations regarding the Executive Branch's need for additional time to review these and other Guantanamo Bay detainee cases, the Court is inclined to delay somewhat its decision on the definition of "enemy combatant."  Although the Court is concerned with petitioners' ability to conduct discovery and file traverses in these cases without the benefit of an "enemy combatant" definition, the Court concludes that it can manage the discovery process without first deciding the issue and, more importantly, that petitioners will not be prejudiced.  Where necessary to resolve the scope of discovery obligations under the CMO, however, the Court will apply the broadest proposed definition of "enemy combatant" -- i.e., the definition proposed in respondents' brief filed in these cases on January 7, 2009.  *See Hamlily*, Civ.A.No. 05-0763 (dkt. ent. #126).  That means that discovery will likewise be broad based on that definition, but respondents should not be heard to complain, since they have to date declined to modify their position.

Respondents' rationale for their proposal to put off deciding the central legal standard of

"enemy combatant" is not persuasive, and the Court's willingness to permit some delay is only to accommodate the ongoing "new" Executive Branch review. Hence, the Court will agree to delay deciding the "enemy combatant" issue even though it rejects respondents' contention that a decision "on the scope of the Government's detention authority" should be made in a "case-by-case" manner, and only upon reaching the merits stage of these proceedings. Of course, the question whether a particular petitioner is an "enemy combatant" is a highly fact-intensive determination that must necessarily be made on a case-by-case basis in light of the evidence presented. But the <u>definition</u> of the central legal term "enemy combatant" is not a moving target, varying from case to case, and the Court intends to rule on that definition before the parties reach a critical point in these proceedings. That point, the Court concludes, is at the briefing on motions for judgment on the record.[1]

Therefore, it is hereby **ORDERED** that by not later than March 13, 2009, respondents shall submit any refinement of their position on the appropriate definition of "enemy combatant." That will be the last opportunity for respondents to clarify their current position on this important issue. If respondents choose not to provide any refinement of their position by that date, then the Court is prepared to decide the issue based on the briefing submitted to date, with respondents bound to their current position on the definition of "enemy combatant."

**SO ORDERED.**

                                                    /s/ John D. Bates
                                                 JOHN D. BATES
                                      United States District Judge

Date: <u>February 11, 2009</u>

---

[1] Under the CMO, respondents' motions for judgment on the record are due by March 20, 2009. However, the Court anticipates that this deadline will likely be extended due to various discovery disputes that have arisen in these cases.